**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary Lee WENTZ, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Darrell Dallas JONES, Defendant-Appellant.**

**Nos. 71-2258, 71-2161.**

United States Court of Appeals,
Ninth Circuit.

Feb. 28, 1972.

---

William H. McAdam, Jr., of McAdam & Neil, San Diego, Cal., for Gary Lee Wentz.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Acting Chief, Crim. Div., Phillip W. Johnson, Sp. Asst. U. S. Atty., San Diego, Cal., for the United States in No. 71–2258.

David K. Yamakawa, Jr. (argued), San Francisco, Cal., for Darrell Dallas Jones.

Howard Frank, Asst. U. S. Atty. (argued), Harry Steward, U. S. Atty., San Diego, Cal., for the United States in No. 71–2161.

Before CHAMBERS and DUNIWAY, Circuit Judges, and HILL *, District Judge.

IRVING HILL, District Judge:

In this case, two separate appellants, Wentz and Jones, appeal their convictions of offenses involving marijuana. The indictment was in five counts. Three defendants were named, the two appellants and one Tejada. All the crimes charged are alleged to have occurred on a single date, i. e., October 19, 1970. In order to deal clearly with the contentions of appellants, it is necessary to summarize each count and the final disposition of each.

*Count One* charged all three defendants with a conspiracy to import marijuana illegally and to receive, conceal, sell and facilitate the transportation, concealment and sale of the same. All three defendants were convicted under Count One.

*Count Two* charged all three defendants with the substantive offense of importing illegally 465 pounds of marijua-

---

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

na. A motion for acquittal as to Tejada was granted on Counts Two and Three at the conclusion of the case. The jury found Wentz guilty and Jones not guilty on this Count.

*Count Three* charged that all three defendants knowingly received, concealed and facilitated the transportation and concealment of the said 465 pounds of marijuana. The result of Count Three was the same as Count Two, i. e., Tejada was acquitted on motion as aforesaid, Jones was acquitted by the jury and Wentz was convicted of the offense.

*Count Four* charged all three defendants with smuggling and importing illegally 460 pounds of marijuana (a different shipment from that involved in Counts Two and Three).

*Count Five* charged all three defendants with receiving, concealing, and facilitating the transportation and concealment of the said 460 pounds.

Counts Four and Five were each dismissed as to Jones and Wentz as a result of pre-trial motions. Tejada was convicted of Counts Four and Five.

Each of the appellants contend that he is entitled to a reversal as to each offense of which he was convicted on four separate grounds. Each makes the same argument on each of these grounds and relies upon the same authority. The four grounds will be discussed in order. Appellant Jones raises one additional issue which is not raised by appellant Wentz, i. e., the sufficiency of the evidence as to him. For the reasons stated below, we find all grounds for challenging each of the convictions involved to be without merit.

## I. SEVERANCE

■ Before trial, each of the appellants made a motion to have the counts against him severed so that he might have a trial separate from that of his co-defendants. Each motion was denied. The only prejudice claimed by appellants resulting from the denial of the motion is that appellants, when the trial commenced, were not charged with the substantive offenses in Counts Four and Five involving the 460 pounds of marijuana and the admission of evidence about so large a quantity of contraband prejudiced them. Since all three defendants were charged with a conspiracy in Count One and Counts Two through Five involved charges of substantive offenses which were closely related in time and purpose to the conspiracy charged, the joinder of all Counts in a single indictment was proper and their trial together involved no clear abuse of discretion. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Daut v. United States, 405 F.2d 312 (9th Cir. 1968). As the Government correctly points out, the evidence as to Counts Four and Five would have been admissible against each appellant even if he had been granted a separate trial since it was evidence tending to prove the conspiracy charged in Count One. The joint trial was proper and no prejudice is shown.

## II. THE JUDGE'S ANSWER TO A QUESTION FROM THE JURY

■ After deliberation had begun, the jurors sent the court a written question as to whether a certain canal, beside which both deliveries of marijuana took place, was on the borderline between Mexico and the United States or solely within the United States. The trial judge, after informing counsel of his intention to take judicial notice of the fact, told the jury that the canal was entirely within the United States at the point in question. Defendants do not contend that this answer was factually incorrect. They seem to complain about the court's taking judicial notice of a geographical fact although they cite no authority against so doing and claim no prejudice resulting therefrom. There is authority to the effect that the court may judicially notice geographical facts. See, e. g., Young v. California State Board of Pharmacy, 273 F. 30 (9th Cir. 1921). And such facts seem to fall within the scope of permitted judicial notice as defined in Rule 201(b) of the

proposed new Federal Rules of Evidence. But even if any error was involved in this occurrence, it was harmless in the extreme.

### III. AND IV. ADMISSION OF EVIDENCE AS TO SECOND SHIPMENT AND REFUSAL OF REQUESTED JURY INSTRUCTION THEREON

As heretofore stated, Counts Four and Five which charged substantive offenses involving 460 pounds of marijuana, accused only Tejada. When the case was tried, these counts had already been dismissed as to appellants. The evidence on these counts showed that Tejada made delivery of the 460 pounds early in the morning, a short time after and at about the same place, as the delivery of the 465 pounds with which appellants were directly involved. The evidence concerning the second delivery was admitted against all three defendants.[1] But before the second delivery, appellants Jones and Wentz had been arrested. They were in custody when it took place. Citing the often-expressed proposition that the arrest of a co-conspirator terminates the conspiracy as to him,[2] appellants claim that it was error to admit against them evidence of the acts and statements of Tejada in connection with the second delivery.

The law does not support their contention. The arrest of a co-conspirator may be said to terminate the conspiracy as to him in the sense that his acts and declarations following his arrest do not bind, and may not be introduced against, other co-conspirators. *Cf.*, Fiswick v. United States, 329 U.S. 211,

217, 67 S.Ct. 224, 91 L.Ed. 196 (1946). But the converse is not true. An unarrested co-conspirator still operating in furtherance of the conspiracy may say and do things which may be introduced against the arrested one if the conspiracy is still in operation. United States v. Cohen, 145 F.2d 82, 89 (2nd Cir. 1944); *Cf.*, United States v. DeSapio, 435 F.2d 272, 283 (2nd Cir. 1970).[3] In fact, there is law to the effect that evidence of acts of co-conspirators which occurred after the entire conspiracy had ended and was complete may be introduced against all of the co-conspirators if the evidence tends to prove the existence of the conspiracy. Lutwak v. United States, 344 U.S. 604, 617, 73 S.Ct. 481, 97 L.Ed. 593 (1953); United States v. Estrada, 441 F.2d 873, 877 (9th Cir. 1971). In the instant case, it seems entirely clear that the conspiracy was still in operation when the second delivery of the 460 pounds was made. But even if the conspiracy could be said *arguendo* to have totally ended by that time, the evidence in question involved acts which tended to prove the existence of the conspiracy as alleged and would be admissible against all of the co-conspirators under the rationale of *Lutwak* and *Estrada, supra.*

Appellants' fourth claim is that a proposed jury instruction dealing with the said evidence was erroneously rejected. After the trial judge had overruled appellants' objections to the receipt against them of the evidence in question, they asked for a jury instruction which would have had the effect of reversing that ruling. In substance, the proposed instruction stated that no act

---

1. The trial judge initially instructed the jury that all of the evidence concerning the second delivery was not to be considered as evidence against either appellant on any charge. R.T. 184. However, a later ruling admitting the marijuana involved in the second delivery against appellants as evidence relating to the conspiracy charged (R.T. 192) had the effect of reversing the prior ruling.

2. See e. g. Sandez v. United States, 239 F.2d 239, 243 (9th Cir. 1956).

3. What may possibly be read as contrary language appears in Sandez v. United States, *supra*, 239 F.2d at 243. But that language is clearly a dictum. A careful reading of the opinion makes it clear that the conversations in question took place after all of the narcotics had been delivered and "the conspiracy was at an end." 239 F.2d at 242.

performed by anyone after the arrest of either appellant could be considered against him as evidence of the conspiracy charged even if he was found to have been a member of a conspiracy prior to his arrest.

As demonstrated above, the reception of the evidence in question was proper and the trial court's rejection of the proposed instruction was thus also proper.

## V. SUFFICIENCY OF THE EVIDENCE AS TO JONES

We have examined the evidence as to appellant Jones and find it clearly sufficient to warrant his conviction of the single offense of which he was convicted.

For the reasons above stated, the judgment below as to each appellant is affirmed.