In re TAX REDUCTION INSTITUTE, Debtor.

William Douglas WHITE, Trustee, Plaintiff,

v.

W. Murray BRADFORD, et al., Defendants.

Bankruptcy No. 89–00377.
Adv. No. 91–0033.

United States Bankruptcy Court, District of Columbia.

Nov. 8, 1991.

Steven Greenfeld, Gins & Seeber, Washington, D.C., for defendants.

Filippo Zucchi, Washington, D.C., for William Douglas White.

## DECISION RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS V AND VI

S. MARTIN TEEL, Jr., Bankruptcy Judge.

■ The plaintiff, the Chapter 7 trustee of the estate of Tax Reduction Institute, sought in Counts V and VI of his complaint to recover from W. Murray Bradford certain post-petition payments to Bradford from the debtor. Although these transfers occurred during the so-called "gap period" between the date of filing of the involuntary petition commencing the debtor's Chapter 7 case and the date of entry of the order for relief, the payments are nevertheless recoverable as unauthorized post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550. Bradford cites 11 U.S.C. § 549(b) and urges that he was furnishing services to the debtor after the filing of the case and hence that he ought not be held liable for receiving payments that did not exceed the value of those services. However, there is no genuine dispute that Bradford received these payments not for his post-petition services but for his pre-petition claims against the estate. Thus, the plaintiff is correct that the transfers cannot be protected under § 549(b). *In re Ft. Dodge Creamery Co.*, 121 B.R. 831, 834–35 (Bankr.N.D.Iowa 1990).

■ The plaintiff requests interest on the transfers from the date of each transfer. But there is no allegation in the complaint that the trustee demanded return of

the payments prior to filing this adversary proceeding. The court holds that the plaintiff is entitled to pre-judgment interest only from the date of commencement of this adversary proceeding. Although the court's limited research has not uncovered any cases dealing with pre-judgment interest in the case of a judgment under 11 U.S.C. § 550 for a post-petition transfer avoided under 11 U.S.C. § 549, the court reaches its holding by adopting the rule applied to recoveries of transfers avoided under other provisions of the Bankruptcy Code.

There are numerous decisions holding that when a transfer is avoided as a preference under 11 U.S.C. § 547, pre-judgment interest on the judgment recovered under § 550 runs only from the date of demand for the return of the transferred property or, in the absence of a prior demand, from the date of the commencement of the adversary proceeding. *See In re Chase & Sanborn Corp.*, 127 B.R. 903, 913–14, 916 (Bankr.S.D.Fla.1991) (listing cases cited in transferee's brief and agreeing with transferee's position); *In re AOV Industries, Inc.*, 62 B.R. 968, 977 (Bankr.D.D.C.1986). These cases follow the long-established identical rule applied under the Bankruptcy Act. *Kaufman v. Tredway*, 195 U.S. 271, 25 S.Ct. 33, 49 L.Ed. 190 (1904); 3 Collier on Bankruptcy par. 60.63[1] at 1129 (14th ed. 1977).

The rule has been applied as well to judgments under § 550 for transfers avoided as fraudulent transfers under 11 U.S.C. § 548. *In re E.D. Presley Corp. Ltd.*, 44 B.R. 781, 784 (Bankr.S.D.Fla.1984). The rule has been applied as well to recoveries under 11 U.S.C. § 553(b) with respect to certain amounts offset by a creditor. *Smith v. Mark Twain Nat. Bank*, 805 F.2d 278, 291–92 (8th Cir.1986). The court sees no reason not to apply the rule to recoveries under § 550 with respect to transfers avoided under § 549.

This case does not come within the exception to the rule recognized by some courts when the transferee has engaged in fraud or bad faith in connection with the transfer. *See In re L & T Steel Fabricators,* *Inc.*, 102 B.R. 511, 521–22 (Bankr.M.D.La. 1989). The plaintiff's complaint alleges no fraud or bad faith. Moreover, Bradford could have taken these transfers as compensation for gap period services he furnished and such a transfer would not have been avoidable. It would be difficult to find any fraud or bad faith when Bradford could have immunized the transfers from avoidance by applying the transfers to his post-petition claims under 11 U.S.C. § 549(b) instead of to his pre-petition claims.

■ The trustee has not specified the rate of pre-judgment interest he seeks nor introduced evidence of an appropriate rate (e.g., copies of Wall Street Journal listings of interest rates). He appears desirous of obtaining prompt entry of a judgment without having to quibble over the pre-judgment rate of interest. In those circumstances, the court will treat the trustee as being content to accept the ready adoption of a fixed statutory rate of interest. *Contrast Chase & Sanborn*, 127 B.R. at 925 (adopting, upon trustee's evidence and argument, prime rate as stated in the Wall Street Journal, calculated at 6–month intervals). The complaint here has been pending for only 6 months, Bradford has not delayed the proceedings, Bradford himself has a gap claim against the estate that will not bear interest, and any interest on a recovery from him potentially will go to junior unsecured creditors. In *AOV Industries* this court allowed pre-judgment interest in accordance with §§ 6621 and 6622 of the Internal Revenue Code (26 U.S.C.) but those provisions have been amended and the interest rates thereunder may not be as appropriate or as readily calculable. The court opts instead to award pre-judgment interest in the circumstances of the trustee's motion at the rate in effect under 28 U.S.C. § 1961(b) on the date of filing of this adversary proceeding. After entry of judgment, interest shall run on the entire judgment amount as provided by 28 U.S.C. § 1961(b). *In re L & T Steel Fabricators, Inc.*, 102 B.R. 511, 524 (Bankr.M.D.La.1989).

FINAL JUDGMENT AS TO COUNTS
V AND VI OF COMPLAINT

In accordance with a decision of this date, it is

ORDERED and ADJUDGED that with respect to Counts V and VI of the complaint the plaintiff William Douglas White, Trustee of the estate of Tax Reduction Institute, recover of the defendant, W. Murray Bradford, the total of (a) $15,-613.15 and (b) pre-judgment interest from April 30, 1991 to the date of entry of this judgment at the rate provided by 28 U.S.C. § 1961(b) for judgments entered on April 30, 1991. It is further

ORDERED and ADJUDGED that post-judgment interest shall accrue on that total judgment amount after entry of this judgment at the rate provided by Federal law (28 U.S.C. § 1961). It is further

ORDERED that pursuant to F.R. Civ.P. 54(b) the court expressly determines that there is no just reason for delay and the court expressly directs entry of this judgment as a final judgment.