**In re INTERNATIONAL BUILDING COMPONENTS, a Pennsylvania corporation, Debtor.**

**Robert H. SLONE, Trustee, Plaintiff,**

**v.**

**INTEGRA BANK/PITTSBURGH, successor to The Union National Bank of Pittsburgh, Defendant.**

**Bankruptcy No. 86–0489–BM.
Adv. No. 92–2519–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 6, 1993.

James F. Grenen, Kincaid, McGrath & O'Keefe, P.C., Pittsburgh, PA, for defendant, Integra Bank/Pittsburgh.

David Abrams, Abrams & Mazer, Monroeville, PA.

Robert H. Slone, Mahady & Mahady, Greensburg, PA.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Several matters are before the court at this time. Defendant Integra Bank/Pittsburgh ("Integra") has submitted a motion for reconsideration of a judgment in the amount of $27,500.00 previously entered against it and in favor of plaintiff Robert H. Slone ("trustee") or, in the alternative, for reopening of the record in order to present additional evidence. The trustee has opposed Integra's motion.

The trustee has submitted a motion to amend the judgment previously entered in his favor to include pre-judgment interest from the date on which the preferential transfer to Integra occurred. Integra has opposed the trustee's motion.

Both motions will be denied for reasons set forth herein.

–I–

### FACTS

The underlying facts of this case previously were set forth at 159 B.R. 173 (Bankr. W.D.Pa.1993) and are incorporated herein. Anyone requiring greater detail as to the facts is advised to refer thereto.

On September 23, 1993, the trustee submitted a motion to amend the judgment to include an additional $20,832.11 in pre-judgment interest. The trustee's request is based on 28 U.S.C. § 1961(a), 11 U.S.C. § 550(a), and "equitable principles".

On October 4, 1993, Integra submitted its motion for reconsideration or to reopen the record in this case. In support of its request for reconsideration, Integra asserts that:

(1) this court erred in previously taking judicial notice that Windber, Pennsylvania, is located in Somerset County, Pennsylvania;[1]

(2) this court should "take judicial notice" that debtor also had a place of business in Cambria County, Pennsylvania; and

(3) the trustee is judicially estopped from denying that debtor also had a place of business in Cambria County.

In support of its motion to reopen the record, Integra asserts that "fairness and substantial justice" would be served by reopening the record and allowing additional evidence as to whether debtor had a place of business in more than one county in Pennsylvania.

A hearing on both motions was conducted on November 9, 1993, wherein Integra was permitted to offer argument and/or additional testimony relating to the question of the taking of judicial notice. The trustee responded thereto and offered argument relating to the question of "interest".

## –II–

## ANALYSIS

### A. *Integra's Motion For Reconsideration Or To Reopen The Record*

### (i) Did This Court Err In Taking Judicial Notice That Windber Is Located In Somerset County, Pennsylvania?

Only certain kinds of adjudicative facts are subject to judicial notice:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned.

Federal Rule of Evidence 201(b).

■ It has long been held that a court may take judicial notice of a geographical fact. **See, e.g.,** *Young v. California State*

*Board of Pharmacy*, 273 F. 30 (9th Cir.1921). Such facts can fall squarely within the scope of Rule 201(b). **See** *U.S. v. Wentz*, 456 F.2d 634, 635–36 (9th Cir.1972).

■ Integra's assertion that the court erred in previously taking judicial notice that Windber is located in Somerset County is without merit.[2] The county in which Windber is located can be determined accurately and readily by resorting to a source whose accuracy cannot reasonably be questioned. **See, e.g.,** *National Five Digit Code & Post Office Directory*, Volume II (U.S. Postal Service 1993).

The sworn affidavit by the postmaster of Windber does not show that the court erred in taking judicial notice of this fact. It does not state that portions of Windber are located in Cambria County. Rather, it asserts only that certain residents of Cambria County have a Windber **mailing address.**

Such a situation is not unique. It sometimes happens that residents of one jurisdiction have a mailing address of another jurisdiction. At argument it was agreed that residents of the Town of McCandless, Pennsylvania, are not residents of Pittsburgh, Pennsylvania, but nonetheless have a Pittsburgh mailing address. The only thing located in Pittsburgh is the post office to which their mail is initially sent. Thereafter the mail is delivered to the Town of McCandless.

Careful reading of the affidavit reveals that the situation of certain residents of Cambria County is similar to that of residents of the Town of McCandless residents in that the post office at which their mail is received is in another jurisdiction—i.e., another county.

### (ii) Should Judicial Notice Be Taken That Debtor Also Had A Place Of Business In Cambria County?

Integra asserts as its second line of attack in support of its motion for reconsideration

---

1. Integra has submitted a sworn affidavit by the postmaster of Windber in support of its contention that the court erred in taking judicial notice that Windber is located in Somerset County. The particulars of the affidavit will be addressed below.

2. The argument is not only without merit but also may be disingenuous as counsel for Integra acknowledged at argument that the address at which debtor was located is in fact situated in Somerset County.

that, if the court is unwilling to rescind the judicial notice taken that Windber is located in Somerset County, it should "take judicial notice" that debtor also had a place of business in Cambria County as well.

Its failure to file a UCC–1 financing statement for the floor joist system with the Prothonotary of Somerset County, Integra argues, is not fatal to its claim to a perfected security interest therein because evidence presented at trial establishes that debtor also had a place of business in Johnstown, Pennsylvania and/or Portage, Pennsylvania. According to Integra, the court can take judicial notice that Johnstown and Portage are located in Cambria County.

Because debtor had a place of business in more than one county, Integra concludes, it was required by 13 Pa.C.S.A. § 9401(a)(3) to file a financing statement **only** with the Secretary of the Commonwealth of Pennsylvania, which it did. See *In re Pocono Airlines, Inc.*, 87 B.R. 325 (Bankr.M.D.Pa.1988). Its admitted failure to file a UCC–1 financing statement with the Prothonotary, Integra insists, is irrelevant to the issue of its secured status.

This argument is fundamentally flawed in that it rests on a false premise. The evidence presented at trial established that debtor had a place of business only in Windber and did not establish that it also had a place of business in Johnstown and/or Portage.

Various tests have been formulated for determining what constitutes a "place of business" in this sort of context. See *In re Pocono Airlines*, 87 B.R. at 327. The evidence presented at trial does not support a finding under any of these tests that debtor also had a place of business in Johnstown and/or Portage. Accordingly, the question whether judicial notice can be taken that Johnstown and Portage are in Cambria County need not be addressed.

Integra has pointed to two trial exhibits which, it alleges, show that debtor had a place of business in Johnstown and a place of business in Portage.

■ Defendant's Exhibit A is a purchase order dated October 12, 1984 and issued by Klaisler Manufacturing Corp. to debtor in connection with the floor joist system at issue in this case. It indicates that it was sold to:

International Building Comp.

P.O. Box 3725

Johnstown, PA 15904

and was shipped to:

International Building Comp. Inc.

900 19th Street

Windber, PA 15963.

The Johnstown address listed is a post office box where debtor apparently received some of its mail. Debtor did not have a place of business at a post office box.

Defendant's Exhibit J is a change of endorsement of insurance issued by Pennsylvania Manufacturers' Association Company to increase coverage to include the floor joist system. The insured's name and mailing address is as follows:

International Building Components, Inc.

807 Main Street

Portage, Somerset County, PA 15964.

The above only states a "mailing address". As has been explained, a mailing address does not necessarily indicate the jurisdiction in which the addressee resides (or has a place of business). Moreover, even if this latter point is disregarded, this single bit of information is too slender a reed upon which to base a finding that debtor also had a place of business in Portage and, hence, in Cambria County.

**(iii) Is The Trustee Judicially Estopped From Denying That Debtor Also Had A Place Of Business In Cambria County?**

Integra's last ditch argument in support of its motion for reconsideration is that the trustee is judicially estopped from denying that debtor also had a place of business in Cambria County. According to Integra, the trustee is so estopped by virtue of various assertions he made in his pretrial statement and in his proposed findings of fact and conclusions of law submitted in this case and by virtue of various assertions he made in another case at Adversary No. 92–2507–BM brought against Romani Industries, Inc.

■ Judicial estoppel is designed to prevent a party from playing "fast and loose" with the court. See *In re M.J. Shoearama, Inc.*, 137 B.R. 182, 189 (Bankr.W.D.Pa.1992). Its primary purpose is to protect the integrity of the court, not to protect litigants. See *In re Cheripka*, 1991 WL 276289, 26 CBC2d 385, 398 (3d Cir.1991).

■ The doctrine of judicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously asserted by it. See *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir.), *cert. denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). That party may be estopped from asserting the inconsistent position in the later proceeding. See *In re Pizazz Disco & Supperclub, Inc.*, 114 B.R. 104, 100 (Bankr.W.D.Pa.1990).

Judicial estoppel applies only if that party has successfully asserted an inconsistent position in the prior proceeding. *Id.* That is to say, the court must have been persuaded to accept its position in the prior proceeding. See *In re Cheripka*, 26 CBC2d at 397–98.

The trustee is not judicially estopped from denying Integra's assertion that debtor also had a place of business in Cambria County. Integra has not identified any assertion by the trustee in any prior proceeding which is inconsistent with this present position **and** which the court accepted.

### B. *Integra's Motion To Reopen The Record*

■ As an alternative to its request for reconsideration, Integra asks that the record be reopened in order that additional evidence might be presented concerning whether debtor had places of business in more than one county in Pennsylvania. According to Integra, it was the victim of unfair surprise in that it had no opportunity at trial to present evidence on this issue.

In response thereto, it must initially be stated that the hearing of November 9, 1993 was defendant's opportunity to offer evidence, if in fact evidence was in existence. Additionally, Integra conceded at the hearing on its motion that debtor's facility located at 900 19th Street in Windber, Pennsylvania, is in Somerset County. Moreover, when it was asked at the hearing on its motion to make an offer of proof and to indicate what additional evidence it would offer on the matter, Integra effectively admitted that it would not offer any evidence other than the two exhibits previously discussed in this memorandum opinion. As has been indicated, neither exhibit establishes that debtor also had a place of business in a county other than Somerset County.

Reopening the record would serve no useful purpose as it appears that Integra will not offer any additional evidence that would alter the outcome of this case. Accordingly, Integra's request to reopen the record will be denied.

### C. *Trustee's Motion To Amend Judgment To Include Pre–Judgment Interest*

The judgment entered in favor of the trustee on September 23, 1993 in the amount of $27,500.00 did not include pre-judgment interest.

According to the trustee, he is entitled pursuant to 28 U.S.C. § 1961(a), 11 U.S.C. § 550(a), and "equitable principles" to pre-judgment interest from January 3, 1986, the date on which Integra received the preferential transfer.

The trustee's reliance upon 28 U.S.C. § 1961(a) is misplaced. By its own terms, 28 U.S.C. provides **only** for **post**-judgment interest and makes no provision for pre-judgment interest of any kind.[3]

■ When a transfer is avoided as a preference pursuant to 11 U.S.C. § 547(b), pre-judgment interest does accrue on any amount recovered pursuant to 11 U.S.C.

---

**3.** 28 U.S.C. § 1961(a) provides in pertinent part as follows:

Interest shall be allowed on any money judgment in a civil case recovered in a district court.... **Such interest shall be calculated from the date of entry of the judgment,** at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. (Emphasis added).

§ 550(a). However, the trustee's contention that interest begins to accrue **from the date of the preferential transfer** is incorrect. Pre-judgment interest begins to accrue **only** from the date of the demand for the return of the transferred property or, in the absence of a prior demand, from the date on which the adversary action was commenced. See *In re Chase & Sanborn Corp.*, 127 B.R. 903, 913 (Bankr.S.D.Fla.1991) (citations omitted).[4]

There is nothing of record to indicate when, if ever, the trustee (or debtor-in-possession) made a formal demand upon Integra for return of the transfer at issue here. Accordingly, pre-judgment interest accrues in this case pursuant to 11 U.S.C. § 550(a) only from the date on which the present adversary action was commenced—i.e., on December 16, 1992.

To the extent that "equitable principles" are relevant, they overwhelmingly mandate that pre-judgment interest not be awarded from the date on which the preferential transfer occurred—i.e., January 3, 1986. Debtor filed a voluntary chapter 11 petition on February 26, 1986. An interim trustee was appointed in October of 1990, shortly after the case had been converted to a chapter 7 proceeding. The present adversary action was not commenced until December 16, 1992, nearly seven (7) years after the preferential transfer occurred. There is no indication that this lengthy delay was due to any obstructive conduct by Integra during the interim. It would be unfair and inequitable to award pre-judgment interest for the interval between the preference and the commencement of this lawsuit when Integra was not responsible for the delay.

An appropriate order shall be issued.

### *ORDER OF COURT*

AND NOW at Pittsburgh this 6th day of December, 1993, in accordance with the foregoing Memorandum Opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** as follows:

(1) the motion by defendant Integra Bank/Pittsburgh for reconsideration or, in the alternative, to reopen the record is **DENIED;**

(2) the motion by plaintiff Robert H. Slone, Trustee, to mold the verdict to amend judgment to include pre-judgment interest as of January 3, 1986 is **DENIED;**

---

**4.** The same holding has been applied in adversary actions brought pursuant to 11 U.S.C. § 548, see *In re E.D. Presley Corp., Ltd.,* 44 B.R. 781, 784 (Bankr.S.D.Fla.1984), and in actions brought pursuant to 11 U.S.C. § 549, see *In re Tax Reduction Institute,* 138 B.R. 325, 326 (Bankr.D.C.1991).