**In re Caryn Kay HAAG, Debtor.**

**Caryn Kay Haag, Debtor,**

v.

**Sallie Mae; Missouri Coordinating Board for Higher Education, Defendants.**

**Bankruptcy No. 01–20983.
Adversary No. 01–2015.**

United States Bankruptcy Court, W.D. Missouri.

March 26, 2002.

Charles F. Johnson, Osage Beach, MO, for Debtor.

George T. Johnson, Kansas City, MO, trustee.

### MEMORANDUM ORDER

FRANK W. KOGER, Bankruptcy Judge.

This matter is before the Court on the complaint filed by the Chapter 7 debtor,

Caryn Kay Haag, seeking to have student loan debt owed to Sallie Mae and the Missouri Coordinating Board for Higher Education ("MCBHE") discharged under 11 U.S.C. § 523(a)(8) based upon undue hardship. A trial was held in this matter on January 23, 2002. Sallie Mae neither filed an answer to the complaint nor appeared at trial. Accordingly, this Court will enter a default judgment against Sallie Mae and order that all student loan debt held by Sallie Mae is discharged.

■ Although not raised by the parties, this Court *sua sponte* has examined whether the debtor's complaint against MCBHE should be dismissed based upon Eleventh Amendment sovereign immunity. In *California Franchise Tax Board v. Jackson (In re Jackson)*, 184 F.3d 1046, 1048 (9th Cir.1999), the Ninth Circuit Court of Appeals instructed that a court must resolve an Eleventh Amendment sovereign immunity issue before reaching the merits of the case, and may raise the issue *sua sponte. See also In re Raphael*, 230 B.R. 657, 665 (Bankr.D.N.J.1999), *rev'd on other grounds*, 238 B.R. 69 (D.N.J.1999)("[S]overeign immunity issue should be raised *sua sponte* where it impacts upon the court's jurisdiction."). "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court *sua sponte.*" *Jackson*, 184 F.3d at 1048.

■ In *Rose v. United States Dep't of Education (In re Rose)*, 187 F.3d 926, 928–29 (8th Cir.1999), the Eighth Circuit Court of Appeals opined that the Eleventh Amendment bars federal actions by private parties against a state or state entity unless the state has waived its sovereign immunity or Congress has abrogated the state's sovereign immunity by a valid exercise of power under the enforcement clause of the Fourteenth Amendment. Because 11 U.S.C. § 106(b) amounts to an unconstitutional attempt by Congress to abrogate the sovereign immunity of states, a state or state entity waives its sovereign immunity only when it has unequivocally expressed its consent to federal jurisdiction. *See Jackson*, 184 F.3d at 1049. A state or state entity waives sovereign immunity by filing a proof of claim in the debtor's bankruptcy case. *See Rose*, 187 F.3d at 929; *Jackson*, 184 F.3d at 1049.

■ Here, the Court has searched the court file and has been unable to find a proof of claim filed by either MCBHE, or its predecessor in interest, the Missouri Higher Education Loan Authority, from whom it purchased a substantial amount of student loan indebtedness. In fact, no proofs of claim have been filed in this bankruptcy case. Accordingly, the Court finds that MCBHE has not waived its sovereign immunity in this case, and will dismiss the debtor's complaint against MCBHE without prejudice. Haag will be entitled to raise the dischargeability question if and when MCBHE seeks to enforce her obligations in a state court proceeding. *See May v. United States (In re May)*, 2 Fed.Appx. 681, 2001 WL 238077, 87 A.F.T.R.2d 2001–1180 (8th Cir. Mar.12, 2001). A state court has concurrent jurisdiction with the bankruptcy court to address the dischargeability of student loan debts under section 523(a)(8) of the Bankruptcy Code. *See Arnold v. Sallie Mae Serv. Corp. (In re Arnold)*, 255 B.R. 845, 850 (Bankr.W.D.Tenn.2000); *Perkins v. Coordinating Bd. for Higher Educ. (In re Perkins)*, 228 B.R. 431, 433 (Bankr. E.D.Mo.1998).

■■ On March 21, 2002, Haag filed a motion requesting that the Court reopen the evidentiary portion of this adversary proceeding, asserting there were new facts

that may be relevant to the issues before the Court. A motion to reopen the record to submit additional proof is within the discretion of the trial court. *See In re Zarro,* 268 B.R. 715, 723 (Bankr.S.D.N.Y.2001)(citing *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). However, reopening the record would serve no useful purpose here because it does not appear from her pleading that Haag will offer any additional evidence that would alter this Court's decision to dismiss her adversary proceeding without prejudice on the grounds that MCBHE is immune from suit based upon sovereign immunity. *See Krommenhoek v. Covino (In re Covino),* 241 B.R. 673, 679 (Bankr.D.Idaho 1999)("the evidence discovered must be of a nature that would probably change the outcome of the case"); *Slone v. Integra Bank/Pittsburgh (In re International Bldg. Components),* 161 B.R. 764, 768 (Bankr.W.D.Pa.1993). Accordingly, the Court will deny Haag's motion to reopen the evidentiary portion of this adversary proceeding.

Finally, on March 24, 2002, MCBHE filed a Motion for Leave to File an Amended Post–Trial Brief. The Amended Post–Trial Brief contains citations to the trial transcript, which were unavailable at the time MCBHE prepared the original brief, and corrects minor grammatical and punctuation errors in the body of the original brief. The Court determines that Haag will not be prejudiced by allowing MCBHE to file the Amended Post–Trial Brief and will grant MCBHE's motion to do so.

### Conclusion

Based on the above discussion, the Court will grant the relief sought by the debtor, Caryn Kay Haag, in part. The Court enters a default judgment against Sallie Mae and orders that all student loan indebtedness owed to Sallie Mae is DISCHARGED under 11 U.S.C. § 523(a)(8). The complaint filed against the Missouri Coordinating Board for Higher Education is DISMISSED WITHOUT PREJUDICE. Haag's Motion to Reopen Evidentiary Portion of This Case filed on March 21, 2002, is DENIED. The motion filed by the Missouri Coordinating Board for Higher Education to file an Amended Post–Trial Brief is GRANTED.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed. R. Bankr.P. 7052.